{¶ 40} I concur with the opinion of the majority, however, I write separately only in caution regarding the form of the indictment issued in this case.
 {¶ 41} The indictment listed numerous items involved in the charge of receiving stolen property. All of the items listed constituted misdemeanors except a "Mastercard," which pursuant to R.C. 2913.71, constituted a felony of the fifth degree.[2]
 {¶ 42} This Mastercard, however, is charged as a "Huntington Bank ATM Card and/or a Mastercard." By pleading guilty to this indictment as drawn, appellant has *Page 14 
waived any objection to its form and since he was advised that his plea constituted a plea to a felony of the fifth degree, presumptively he was pleading guilty to receiving the stolen Mastercard.[3]
 {¶ 43} However, I caution that this form of the indictment, presented to a jury for finding, could not result in anything more than a misdemeanor conviction because of its "and/or" wording. Further, the use of the disjunctive likewise calls into question the grand jury vote.
[2] Possession of a stolen credit card is a felony.
[3] I find no merit in appellant's contention that the State had a burden to prove that the card was authentic, unexpired, had an issuing bank, and if the customer's accounts could be accessed through the card for the purpose of obtaining credit. *Page 1